UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                          REPORT & RECOMMENDATION

                Plaintiff,

                          18-CR-6179FPG

       v.

ROSEMARY INOSTROZA,

                Defendant.
_____

## PRELIMINARY STATEMENT

By Order of Hon. Frank P. Geraci, Jr., Chief United States District Judge, dated December 18, 2018, all pretrial matters in the above-captioned case have been referred to this Court pursuant to 28 U.S.C. §§ 636(b)(1)(A)-(B).  (Docket # 12).

On December 11, 2018, the grand jury returned a three-count indictment against defendant Rosemary Inostroza, a/k/a "Rosie," and three other defendants.  (Docket # 1).  Count One charges Inostroza with conspiring with her three co-defendants from 2016 through December 2018 to possess with intent to distribute and to distribute heroin and fentanyl, in violation 21 U.S.C. § 846.  (*Id.*).  Count Two charges Inostroza and two of her co-defendants with possessing fentanyl on or about March 20, 2018, with intent to distribute it, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 18 U.S.C. § 2.  (*Id.*).  Count Three charges Inostroza and the same two co-defendants with maintaining a premises at 774 Smith Street in Rochester, New York during the period 2016 through December 2018 for the purpose of manufacturing,

distributing, and using heroin and fentanyl, in violation of 21 U.S.C. § 856(a)(1) and 18 U.S.C. § 2. (*Id.*).

Currently pending before the Court for report and recommendation is Inostroza's motion to suppress identification evidence. (Docket # 56 at ¶¶ 66-73).[1] For the reasons discussed below, I recommend that the district court deny Inostroza's motion.

## REPORT & RECOMMENDATION

### I. Background

On November 12, 2020, this Court conducted a bifurcated *Wade* hearing to consider at this time only whether the identification procedures challenged by the defense were unduly suggestive.[2] (Docket # 150). At the hearing, the government called Michael Preisser ("Preisser"), an agent employed by the Federal Bureau of Investigation ("FBI"), to testify about five identification procedures he conducted as part of the investigation leading to the charges against Inostroza in this case.[3] The government represented that a sixth identification procedure involved the presentation to a witness of a single photograph (rather than an array of six photographs); as to that identification, the government consented to a non-bifurcated hearing closer to trial to permit the Court to assess whether the identification was sufficiently reliable to overcome any undue suggestiveness in the use of a single photograph.

---

[1] Inostroza's omnibus motions sought a variety of other relief. (Docket # 56). The other issues raised by Inostroza were decided by the undersigned or resolved by the parties in open court on November 19, 2019. (Docket ## 99, 100).

[2] A *Wade* hearing refers to a hearing held pursuant to *United States v. Wade*, 388 U.S. 218 (1967), to determine whether an out-of-court identification resulted from an impermissibly suggestive procedure and, if so, whether it is independently reliable.

[3] No transcript of the hearing has been prepared. The hearing was audio-recorded and is available for review. (Docket # 150). This Court reviewed the recording in connection with the preparation of this decision.

Following the hearing, the Court granted Inostroza's request to submit supplemental briefing. By letter dated December 2, 2020, her counsel indicated that she did not intend to file any post-hearing submissions. (Docket # 152).

## II.     Applicable Caselaw

Evidence of an out-of-court photographic identification will be suppressed under the due process clause if "the photographic identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification." *Simmons v. United States*, 390 U.S. 377, 384 (1968). In determining whether to exclude evidence of a pretrial identification, a court must first consider whether the identification procedure was unduly suggestive. *Id.* To decide whether a photographic array is unduly suggestive, a court should consider several factors, including "the size of the array, the manner of presentation by the officers, and the array's contents." *United States v. Maldonado-Rivera*, 922 F.2d 934, 974 (2d Cir. 1990), *cert. denied*, 501 U.S. 1233 (1991). Specifically, the court must consider "whether the picture of the accused . . . so stood out from all of the other photographs as to suggest to an identifying witness that [the accused] was more likely to be the culprit." *Jarrett v. Headley*, 802 F.2d 34, 41 (2d Cir. 1986) (internal citations and quotations omitted).

If the identification procedure was unduly suggestive, the court must proceed to determine whether the identification nevertheless possesses "sufficient aspects of reliability." *United States v. Bubar*, 567 F.2d 192, 197 (2d Cir.) (citing *Manson v. Brathwaite*, 432 U.S. 98, 109-17 (1977)), *cert. denied*, 434 U.S. 872 (1977). "Even if the procedure was unnecessarily (or impermissibly) suggestive . . .[,] a district court may still admit the evidence 'if, when viewed in the totality of the circumstances, it possesses sufficient indicia of reliability.'" *United States v.*

*Bautista*, 23 F.3d 726, 729-30 (2d Cir.) (footnote omitted) (quoting *United States v. Simmons*, 923 F.2d 934, 950 (2d Cir.), *cert. denied*, 500 U.S. 919 (1991)), *cert. denied*, 513 U.S. 862 (1994).

### III.     Preisser's Testimony

Agent Preisser testified about photographic identification proceedings conducted with five different witnesses during the period between July 2018 and February 2019. During that period, Preisser was involved in an investigation into the distribution of heroin and fentanyl by Inostroza and others from 774 Smith Street. In each identification proceeding, the witness was shown a copy of the same six-photograph array, which depicts Inostroza in the middle of the bottom row. (G. Exs. 1-5). Preisser testified that the array was compiled in 2018 using booking photographs from a Monroe County Sheriff's database. The array contains photographs of six women of apparently similar ages, although the woman depicted in the photograph in the middle of the top row appears slightly older than the others. Other than the woman on the far right of the top row, the women appear to have generally similar complexions, dark hair and eyebrows. All are featured from their shoulders to the top of their heads, and all appear to have their hair pulled back from their faces, with the exception of the woman in the middle of the top row, who has some hair falling to one side of her face. Four are wearing earrings, including Inostroza, who is wearing hoop earrings, as is one of the other women. Inostroza is the only woman depicted who is wearing a necklace. Each photograph has a blue background; the hue of the backgrounds in three, including Inostroza's, is darker than in the other three. Inostroza and the woman to her immediate left appear to be smiling in the photographs; the others are not.

### A. July 10, 2018 Identification Procedure

On July 10, 2018, Agent Preisser, accompanied by another FBI agent and Assistant United States Attorney Cassie Kocher, met with a cooperating witness (identified during the hearing as Witness B) at the Federal Building in Rochester. Following some debriefing about the investigation, Witness B was shown four photographic arrays, the third of which contained a photograph of Inostroza. Before showing the witness each of the arrays, Preisser instructed Witness B to look at the array of six individuals and let him know if any of them looked familiar and, if so, to advise him "in what capacity" the witness knew the individual identified. Preisser further instructed the witness to initial and circle the number associated with the photograph of any individuals whom he or she recognized. With respect to the array with Inostroza's photograph, Preisser placed it in front of Witness B without saying anything more or making any gestures. Witness B responded, "That [is] Rosie," and circled the number "5" above the middle photograph on the bottom row depicting Inostroza. Witness B also placed his or her initials above the photograph next to the circled number 5.

### B. August 6, 2018 Identification Procedure

On August 6, 2018, Agent Preisser, another agent and AUSA Kocher met with another cooperating witness (identified during the hearing as Witness D) and the witness's attorney in the Federal Building. As before, Preisser interviewed the witness about the investigation before conducting the identification proceeding. Preisser testified that he gave the same instructions to Witness D as he had to Witness B and presented the array to the witness in the same manner following his instructions. According to Preisser, Witness D stated that photograph 5 was "Rosie," circled the number "5" above Inostroza's photograph in the middle of the bottom row and placed his or her initials underneath the photograph.

### C. September 11, 2018 Identification Proceeding

On September 11, 2018, Agent Preisser and AUSA Kocher met with another witness (identified during the hearing as Witness E) in the Federal Building. Following some debriefing about the investigation, Preisser conducted a photographic identification proceeding with Witness E. He used the same instructions and manner of presentation as he had with Witnesses B and D. Witness E identified the fifth photograph as "Rosie," circled the number "5" above the picture, and placed his or her initials above the circled number 5.

### D. September 11, 2018 Identification Proceeding

Agent Preisser, again accompanied by AUSA Kocher, conducted a second identification proceeding that same day at the Federal Building. This time they met with a cooperating witness whom Preisser identified during the hearing as Witness F. Before conducting the identification proceeding, Preisser interviewed the witness concerning the investigation. He then provided the same instructions to the witness as he had to the earlier witnesses and presented the array to the witness without saying anything or gesturing in any manner. Witness F identified the woman depicted in the fifth photograph as "Rosie." Like the other witnesses, Witness F circled the number "5" above Inostroza's photograph; the witness placed his or her initials next to the circled number.

### E. February 19, 2019 Identification Proceeding

The final identification proceeding about which Preisser testified was conducted on February 19, 2019 with a witness identified during the hearing as Witness G. Preisser and another agent, FBI Special Agent Colin Barrett, met with Witness G in an FBI vehicle. Agent Barrett conducted the procedure. He told the witness to look at the array, to advise them if anyone depicted was familiar to the witness and, if so, to indicate how the witness knew the

6

individual.  Agent Barrett told the witness to circle and initial the photograph of anyone whom the witness recognized and handed the array to the witness.  Witness G indicated that photograph 5 was a picture of "Rosie."  The witness circled the photograph (rather than merely the number "5" above it) and placed his or her initials above the photograph.

**III.     Discussion**

On this record, I find that neither the instructions given by the agents to the five witnesses during the identification procedures, nor the photographs in the arrays themselves, were unduly suggestive.  Preisser credibly testified that he or Agent Barrett told each witness that the witness would be shown a photographic array, to advise if the witness recognized someone in the array and, if so, to explain how the witness knew the individual, and to circle the number of the photograph (or the photograph) of anyone the witness recognized.  The agents did not suggest that Inostroza might be in the array or that the individual depicted in the fifth photograph should be familiar.  The agents' interactions with the witnesses were not unduly suggestive.  *See United States v. Williams*, 2015 WL 429087, \*17 (W.D.N.Y.) (manner of presentation of array not unduly suggestive where it did not suggest to the witness which, if any, photograph to select), *report and recommendation adopted by*, 2015 WL 3454430 (W.D.N.Y. 2015); *United States v. Guzman*, 2015 WL 774211, \*7 (W.D.N.Y. 2015) (same).

Nor is there anything about the six photographs in the arrays that appears unduly suggestive.  Inostroza's photograph is one of six photographic images, all set against blue backgrounds, of different women of roughly similar ages and complexions.  All are head shots of women with generally similar features: five of the women depicted, including Inostroza, have dark hair; five, including Inostroza, have their hair pulled back, five, including Inostroza, have

7

dark eyes and dark eyebrows. *See United States v. Rijo*, 2009 WL 4406055, *4 (W.D.N.Y. 2009) (array not unduly suggestive where the six photographs depicted "men of similar age, complexion, build, hair color and eye color"). In other word, Inostroza's features are sufficiently similar to the features of the others so as not to draw undue attention to her photograph. *See, e.g.*, *United States v. Bautista*, 23 F.3d at 731 (finding photograph of defendant, which was "brighter and somewhat more close-up than the other five photographs in the array," did not render array suggestive); *United States v. Christner*, 2015 WL 6508058, *17 (W.D.N.Y. 2015) (array not suggestive where "individuals depicted have similar physical characteristics"), *report and recommendation adopted by*, 2016 WL 324646 (W.D.N.Y. 2016). *See also Jarrett v. Headley*, 802 F.2d at 41 (court must consider "whether the picture of the accused . . . so stood out from all the other photographs as to suggest to an identifying witness that [the accused] was more likely to be the culprit") (internal citation omitted).

For these reasons, I recommend that the district court deny Inostroza's motion to suppress evidence of the photographic identifications conducted on July 10, 2018, August 6, 2018, and February 19, 2019, and the two conducted on September 11, 2018.

## **CONCLUSION**

For the above-stated reasons, I recommend that the district court deny Inostroza's motion to suppress testimony related to the above-described identification procedures. **(Docket # 56)**. I further recommend that a non-bifucated hearing be held near the time of trial relating to the identification by the witness who was shown a single photograph of the defendant.

*s/Marian W. Payson*
MARIAN W. PAYSON
United States Magistrate Judge

Dated: Rochester, New York
December 31, 2020

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

      **ORDERED**, that this Report and Recommendation be filed with the Clerk of the Court.

      **ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report and Recommendation in accordance with the above statute and Rule 59(b) of the Local Rules of Criminal Procedure for the Western District of New York.[4]

      The district court will ordinarily refuse to consider on *de novo* review arguments, case law and/or evidentiary material which could have been, but was not, presented to the magistrate judge in the first instance. *See*, *e.g.*, *Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985 (1st Cir. 1988).

      **Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Ltd.,* 838 F.2d 55 (2d Cir. 1988).

      The parties are reminded that, pursuant to Rule 59(b) of the Local Rules of Criminal Procedure for the Western District of New York, "[w]ritten objections . . . shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 59(b) may result in the District Court's refusal to consider the objection.**

      Let the Clerk send a copy of this Order and a copy of the Report and Recommendation to the attorneys for the parties.

**IT IS SO ORDERED.**

                                             *s/Marian W. Payson*
                                              MARIAN W. PAYSON
                                          United States Magistrate Judge

Dated:  Rochester, New York
         December 31, 2021

---

[4] Counsel is advised that a new period of excludable time pursuant to 18 U.S.C. § 3161(h)(1)(D) commences with the filing of this Report and Recommendation. Such period of excludable delay lasts only until objections to this Report and Recommendation are filed or until the fourteen days allowed for filing objections has elapsed. *United States v. Andress*, 943 F.2d 622 (6th Cir. 1991); *United States v. Long*, 900 F.2d 1270 (8th Cir. 1990).