UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.

ROSEMARY INOSTROZA, et al.,
                    Defendants.

Case # 18-CR-6179-1-FPG

DECISION AND ORDER

## BACKGROUND

Defendant Rosemary Inostroza is charged with three drug-related offenses. ECF No. 1. The Indictment, returned on December 11, 2018, charges Inostroza and her co-defendants[1] with conspiracy with intent to possess and distribute heroin and fentanyl, in violation of 21 U.S.C. § 846; possession of fentanyl with intent to distribute it, in violation of 21 U.S.C. § 841(a)(1), 841(b)(1)(C), and 18 U.S.C. § 2; and maintaining a premises for the purpose of manufacturing, distributing, and using heroin and fentanyl, in violation of 21 U.S.C. § 856(a)(1) and 18 U.S.C. § 2. *Id.*

On May 28, 2019, Inostroza moved to, among other things,[2] suppress identification evidence. ECF No. 56. On November 12, 2020, Magistrate Judge Marian W. Payson conducted a bifurcated *Wade* hearing to consider whether the identification procedures challenged by the defense were unduly suggestive. The Government called Federal Bureau of Investigation Agent Michael Preisser to testify about five identification procedures the FBI conducted as part of the investigation leading to the instant charges against Inostroza. According to Agent Preisser, each of the five procedures consisted of a photographic array of six photographs of women of mostly

---

[1] Proceedings with respect to these co-defendants are ongoing.

[2] Magistrate Judge Payson addressed the other issues Inostroza raised in open court on November 19, 2019. ECF Nos. 99, 100.

1

similar age, complexion, and features. A sixth identification procedure involved the presentation of a single photograph to a witness, rather than an array of six photographs. The Government consented to a non-bifurcated hearing closer to trial to allow the Court to assess whether that sixth procedure was sufficiently reliable to overcome any undue suggestiveness.

On December 31, 2020, Magistrate Judge Payson issued a Report and Recommendation ("R&R"), denying Inostroza's motion to suppress testimony related to the five photographic arrays and recommending that the Court hold a non-bifurcated hearing near the time of trial regarding the sixth identification procedure, *i.e.*, the one involving a witness who was shown a single photograph. ECF No. 156.

The parties were provided with an opportunity to object to the R&R, but neither did so. For the reasons stated below, the Court adopts Magistrate Judge Payson's R&R in its entirety and denies Inostroza's motion to suppress.

## LEGAL STANDARD

A district court reviews those portions of an R&R to which a party has timely objected *de novo*. Fed. R. Crim. P. 59(b)(3). When a party does not object to a portion of an R&R, or when the objections are conclusory, general, or without legal support, a district court reviews those portions for clear error. *See United States v. Preston*, 635 F. Supp. 2d 267, 269 (W.D.N.Y. 2009).

After reviewing the R&R and the objections thereto, a district court "may accept, reject, or modify the recommendation." Fed. R. Crim. P. 59(b)(3). In addition, "[t]he Second Circuit has instructed that where a Magistrate Judge conducts an evidentiary hearing and makes credibility findings on disputed issues of fact, the district court will ordinarily accept those credibility findings." *United States v. Lawson*, 961 F. Supp. 2d 496, 499 (W.D.N.Y. 2013); *see also Carrion v. Smith*, 549 F.3d 583, 588 (2d Cir. 2008).

## DISCUSSION

Because Inostroza did not object to any portion of Magistrate Judge Payson's R&R, the Court has reviewed her conclusions for clear error and finds none. *Preston*, 635 F. Supp. 2d at 269. The evidence adduced at the hearing indicates that neither the instructions given by the agents to the five witnesses during the identification procedures, nor the photographs in the arrays, were unduly suggestive. All six photographs in the five arrays depicted headshots of women, set against a blue backdrop, with similar complexions, features, hairstyles, and eyes. *United States v. Christner*, No. 13-CR-6025, 2015 WL 6508058, at *17 (W.D.N.Y. Oct. 27, 2015) (array not suggestive where individuals had similar physical characteristics), *report and recommendation adopted by* 2016 WL 324546 (W.D.N.Y. Jan. 27, 2016). At no time did the agents suggest that Inostroza might be depicted in any specific photograph. *See United States v. Williams*, No. 12-CR-6152, 2015 WL 429087, at *17 (W.D.N.Y. Feb. 2, 2015), *report and recommendation adopted by* 2015 WL 3454430 (W.D.N.Y. May 29, 2015). Consequently, the Court accepts Magistrate Judge Payson's R&R, and Inostroza's motion to suppress is denied.

## CONCLUSION

For the foregoing reasons, the Court ADOPTS Magistrate Judge Payson's R&R, ECF No. 156, in all respects. Inostroza's motion to suppress, ECF No. 56, is DENIED. With the Government's consent, the Court will hold a non-bifurcated hearing closer to the time of trial regarding the sixth identification procedure by the witness who was shown a single photograph.

IT IS SO ORDERED.

Dated: January 28, 2021
     Rochester, New York

HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court